UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL K. BROWN,

                Petitioner,

v.

WARDEN PETER JAEGER,

                Respondent.

Case No. 22-CV-934-JPS

**ORDER**

## 1.    INTRODUCTION

On August 15, 2022, Petitioner Michael K. Brown ("Brown" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On November 1, 2022, the Court granted Brown's motion for leave to file an amended petition. ECF Nos. 5, 7. On November 14, 2022, Brown filed his amended petition and a brief in support. ECF Nos. 8, 9. The Court will now screen his amended petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2.    FACTUAL BACKGROUND

On July 6, 2018, Brown was charged in Walworth County Case No. 2018CF000347[1] with one count of robbery of a financial institution as a party to a crime. *See State v. Brown*, Nos. 2020AP552-CR & 2020AP553-CR, 2021 WL 8649427, at *1 (Wis. Ct. App. May 5, 2021). Following his arrest in that case, Brown was charged in a separate complaint in Walworth County Case

---

[1] *State v. Brown*, No. 2018CF000347, *available at* https://wcca.wicourts.gov/caseDetail.html;jsessionid=20A3258A2AB4A8EE49D4 C0DDC5A60BE8.render4?caseNo=2018CF000347&countyNo=64&mode=details (last visited May 26, 2023).

No. 2018CF000371[2] with one count of attempted escape. *See Brown*, 2021 WL 8649427, at *1.

Brown pled guilty to both charges, and on January 10, 2019, the circuit court sentenced Brown to a total term of 22 years' imprisonment, bifurcated as nine years of initial confinement and 13 years of extended supervision. *Id.*; ECF No. 8 at 2. According to Brown, his judgment of conviction was dated January 17, 2019. ECF No. 8 at 2.

Brown filed a postconviction motion seeking to withdraw his guilty plea to the robbery charge on the ground that he did not understand the nature of the charge. *Brown*, 2021 WL 8649427, at *2. Before the circuit court, Brown alleged

> that in conducting the plea colloquy, the circuit court relied upon the jury instructions attached to the written guilty plea questionnaire to ascertain whether Brown understood the nature of the offense; however, Brown's counsel attached the wrong jury instruction to the plea questionnaire. Counsel attached the jury instruction for armed robbery, whereas Brown was charged with robbery of a financial institution.

*Id.* Brown argued that "he did not understand that the [S]tate must prove that the victim was a financial institution." *Id.* The circuit court held a hearing on the motion where Brown's counsel testified. *Id.* The circuit court "acknowledged that its plea colloquy was 'defective' . . . but ultimately denied Brown's motion." *Id.*

Brown appealed that decision, "contend[ing] that his plea to the robbery charge was not knowing, intelligent, and voluntary because he was

---

[2]*State v. Brown*, No. 2018CF000371, *available at* https://wcca.wicourts.gov/caseDetail.html;jsessionid=20A3258A2AB4A8EE49D4C0DDC5A60BE8.render4?caseNo=2018CF000371&countyNo=64&mode=details (last visited May 19, 2023).

unaware of one of the essential elements of the crime." *Id.* at *1. The Wisconsin Court of Appeals affirmed the circuit court's opinion on May 5, 2021. *Id.* at *4. Brown petitioned to the Wisconsin Supreme Court, which denied review on September 14, 2021. *State v. Brown*, Nos. 2020AP552-CR & 2020AP553-CR, 2021 WL 9781549 (Wis. Sept. 14, 2021).

Brown has also filed a motion for a sentence modification related to a "new factor not known at the time of sentencing" and "relative sentences with aggravating circumstances [that were] . . . far less;" a judicial misconduct complaint; and an administrative complaint regarding prejudicial treatment by the prosecutor because Brown was a plaintiff in a federal civil lawsuit against the county. ECF No. 8 at 5–6. The circuit court docket sheet shows that the circuit court denied the motion for a sentence modification in April 2022, and it does not appear that Brown has appealed that decision yet. Brown contends he has not received a decision on his other complaints. *Id.*

Brown now seeks habeas relief on the following grounds: (1) his defense counsel at sentencing attached the incorrect jury instruction to the plea questionnaire rendering Brown's plea not intelligently entered because he did not understand the essential elements of the offense ("Ground One"); (2) his defense counsel was ineffective by attaching the wrong jury instruction to the plea questionnaire and by failing to discuss the elements of the crime with Brown ("Ground Two"); and (3) the circuit court failed to meet its mandatory duties during the plea colloquy ("Ground Three"). ECF Nos. 8, 9.

3. **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it

Page 3 of 9
Case 2:22-cv-00934-JPS   Filed 05/26/23   Page 3 of 9   Document 11

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Brown's petition for review on September 14, 2021. *Brown*, 2021 WL 9781549. Brown did not seek certiorari with the U.S. Supreme Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on December 13, 2021. Brown then had one year in which to file his petition (i.e., until December 13, 2022). Brown's federal habeas petition, filed August 15, 2022, ECF No. 1, is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Brown fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

It appears that Brown has fully exhausted Grounds One and Three. *Brown*, 2021 WL 8649427. Exhaustion is less clear as to Ground Two. Brown does not appear to have labeled any claim as one for ineffective assistance of counsel before the Wisconsin Court of Appeals, and the Wisconsin Court of Appeals did not use that label either. *Id.* However, the Wisconsin Court of Appeals analyzed Brown's defense counsel's conduct. *Id.* at *4 (analyzing sufficiency of counsel's notes on plea questionnaire despite attachment of wrong instruction and counsel's testimony as to same before circuit court). "Fair presentment does not necessarily require that the petitioner explicitly present the federal claim; it requires that the substance of a federal habeas corpus claim must first be presented to the state courts." *Grady v. Cooper*, 511 F. Supp. 3d 918, 931 (E.D. Wis. 2021) (quotation omitted).

At this juncture, the Court also lacks the benefit of Brown's briefing on appeal to determine how the claim was presented. *See, e.g.*, *Owens v. Bartow*, No. 08C0049, 2008 WL 1835407, at *1 (E.D. Wis. Apr. 22, 2008) ("I noted that petitioner may have failed to exhaust some of these claims, but I deferred ruling on the exhaustion issue until the respondent could appear."). Therefore, the Court is not able to make a definite determination as to the exhaustion of Ground Two based on these facts at the screening stage. The Court will decline to rule on this issue at this time and will revisit it with the benefit of discovery and briefing.

If it turns out that Brown's § 2254 petition presents both exhausted and unexhausted claims, the Court will have to decide how to move forward. "[A] district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9C:70, 1383 (2019 ed.) (citing *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005)). Alternatively, the district court can allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Rhines*, 544 U.S. at 279. Should the issue be briefed at some point in this action, Brown should be prepared to explain why his is one of those "limited circumstances" warranting a stay, or whether he wishes to proceed only on the properly exhausted grounds. *Id.*

### 3.3 Procedural Default

The Court next determines whether Brown has procedurally defaulted on any of his grounds. Even though a constitutional claim in a

federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Brown has procedurally defaulted any of his grounds.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Brown's amended petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Brown's claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Brown's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs

must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the amended petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge